UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL EBBERT BOYD, JR.,

Plaintiff,

v.

Case No. 26-cv-295-pp

TK HEALTH, *et al.*,

Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), GRANTING PLAINTIFF'S MOTION TO WAIVE INITIAL PARTIAL FILING FEE (DKT. NO. 6), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 6) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Paul Ebbert Boyd, Jr., who is incarcerated at the Milwaukee Secure Detention Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights when he was confined at the Brown County Jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, grants his motion to waive the initial partial filing fee, dkt. no. 6, and denies as moot his motion for extension of time to pay the initial partial filing fee, dkt. no. 6.

**I.     Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 26, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $19.70. Dkt. No. 5. On March 5, 2026, the court received from the plaintiff a request to waive the initial partial filing fee. Dkt. No. 6. The plaintiff asserts that his jail debt is over $2,000 and that any money added to his account is deducted to pay his debt. Id. at 1. He also states that he has no source of income. Id. at 1-2. Under the circumstances, the court will grant the plaintiff's motion to waive the initial partial filing fee and deny as moot his motion for extension of time. See 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the $350 filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

2

under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter C'nty Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. C'nty of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

      B.    <u>The Plaintiff's Allegations</u>

The plaintiff was confined at the Brown County Jail when he filed the complaint. Dkt. No. 1 at 1. He sues "TK Health", P. Thao, B. Laurent, Heidi Michel, Stacey Miller, Gina Tilley, Dr. Kit, HSU Nursing Staff and Dr. Vongsa. <u>Id.</u>

3

The plaintiff alleges that he has been diagnosed with chronic opioid use disorder, neuropathy in his legs and feet and violent muscle cramps and spasms in his legs. Id. at 2. When left untreated, these conditions allegedly are extremely painful. Id. The plaintiff states that before he was confined at the jail, doctors prescribed him methadone for opioid use disorder and withdrawals, pregabalin for neuropathy and nerve pain and tizanidine for muscle cramps and spasms. Id. He alleges that at the jail he was taken off his medications and given buprenorphine for opioid withdrawal and pain. Id. The plaintiff allegedly complained for over a month about experiencing pain, discomfort and suffering. Id. The defendants allegedly disregarded the plaintiff's "continued opiate withdrawal." Id. The plaintiff allegedly "was told that [he] was taken off [his] prescriptions pregabalin and tizanidine because its contraindic[a]ted within the jail." Id. A nurse allegedly told the plaintiff that defendant Captain Heidi Michel, who is not a medical professional, "makes these medical decisions". Id.

The plaintiff alleges that he wrote over a dozen messages asking for help and to see a doctor. Id. at 3. He allegedly was told that the matter was closed or that he was on a list to see a provider. Id. The plaintiff states that he is in so much pain that he cannot "sleep, rest or function like a normal human being." Id. He asserts that they "made [him] see the nurse 3 times in 3 weeks at $35.00 a visit just to get Tylenol and Ibuprofen at a cost of $30.00 a week, totaling $195.00 for 3 weeks of Tylenol and Ibuprofen." Id. The plaintiff says that this is all they give him for severe nerve pain, body aches and muscle spasms. Id. Nursing staff allegedly asked CO Stewart (not a defendant) to tell the plaintiff to stop writing requests and that the doctor reviewed his request and will not increase his buprenorphine. Id.

4

The plaintiff alleges that the defendants denied him adequate medical care. Id. The HSU nursing staff, Gina Tilley, Dr. Vongsa, Dr. Kit, B. Laurent, P. Thao and Stacey Miller allegedly knew of the plaintiff's condition and his grievances, but they allowed him to suffer by refusing him medical treatment and medication. Id. at 3-4.

For relief, the plaintiff seeks a preliminary and permanent injunction "to provide [him] with proper and adequate medical care, giving [him] his medication pregabalin, tizanidine, and methadone so [he's] not in const[a]nt pain and agony anymore." Id. at 4. The plaintiff also seeks compensatory and punitive damages. Id.

C.    Analysis

The court assumes that the plaintiff was a pretrial detainee during the events described in the complaint because he was confined at the Brown County Jail. A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. C'nty of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle C'nty, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

5

The plaintiff alleges that when he entered the jail, his methadone, pregabalin and tizanidine were discontinued. He allegedly was prescribed buprenorphine in place of the methadone, but that medication was not effective. Captain Heidi Michel allegedly discontinued the pregabalin and tizanidine, but she is not a medical professional. The plaintiff states that he saw nurses who gave him Ibuprofen and Tylenol, but those medications were ineffective. The plaintiff alleges that he suffered severe nerve pain, muscle aches and body spasms based on the discontinuation of his medication. Although the plaintiff alleges that he received some medical care at the jail, he states that the care he received was inadequate and that he suffered unnecessarily. He says that he filed multiple grievances but that the defendants did not help him. Based on these facts, the plaintiff may proceed on a medical care claim against P. Thao, B. Laurent, Heidi Michel, Stacey Miller, Gina Tilley, Dr. Kit, Dr. Vongsa and HSU Nursing Staff in their individual capacities. After the court issues a scheduling order, the plaintiff will need to use discovery to identify the names of the HSU Nursing Staff defendants.

The plaintiff has not stated a claim against TK Health, which presumably is a company that employs some of the defendants who work at the jail. TK Health cannot be held liable under 42 U.S.C. §1983 simply because it employs the defendants. Rather, a private corporation may be liable under Monell v. Dep't of Soc. Servs., 436 U.S. 58 (1978) if a "municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)[.]" Thomas v. Martija, 991 F.3d 763, 773 (7th Cir. 2021) (quoting Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017)). The plaintiff has not alleged that TK Health had such a policy, custom or practice. The court will dismiss TK Health.

6

Finally, the plaintiff's request for injunctive relief is moot because he no longer is confined at the jail. <u>Maddox v. Love</u>, 655 F.3d 709, 716 (7th Cir. 2011) (injunctive relief moot because plaintiff transferred to different facility and no indication of "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"); <u>see also</u> <u>Ortiz v. Downey</u>, 561 F.3d 664, 668 (7th Cir. 2009).

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion to waive initial partial filing fee. Dkt. No. 6.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time. Dkt. No. 6.

The court **DISMISSES** defendant TK Health.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants P. Thao, B. Laurent, Heidi Michel, Stacey Miller, Gina Tilley, Dr. Kit and Dr. Vongsa under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

7

The court **ORDERS** defendants P. Thao, B. Laurent, Heidi Michel, Stacey Miller, Gina Tilley, Dr. Kit and Dr. Vongsa to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden of the Milwaukee Secure Detention Facility, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 14th day of July, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9