UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL EBBERT BOYD, JR.,

Plaintiff,

v. Case No. 26-cv-295-pp

PANG V. THAO, *et al.*,

Defendants.

---

**ORDER SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION TO DISMISS OR FILE AMENDED COMPLAINT**

---

Paul Ebbert Boyd, Jr., who is representing himself, filed a complaint under 42 U.S.C. §1983. On September 14, 2026, defendants Thao, Miller, Tilley and Vongso (a/k/a Dr. Kit) filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 25. A motion to dismiss asks the court to end a lawsuit or to dismiss specific claims in the complaint. Defendants Thao, Miller, Tilley and Vongso are arguing that even if the allegations in the plaintiff's complaint are true, there is no legal basis for the case or there are procedural issues that prevent the case from moving forward.

In deciding such a motion, the court accepts the allegations in the complaint as true and makes a legal determination of whether the case should proceed further. The court must base its decision only on (1) the complaint; (2) documents incorporated by reference into the complaint (that is, documents upon which the allegations are based, such as a contract); and (3) documents

of which the court can take judicial notice (such as publicly available documents). Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012). If a defendant presents additional materials beyond these three categories of documents, the court either must exclude the materials or convert the motion into one for summary judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d); Geinosky, 675 F.3d at 745 n.1.

A plaintiff opposing the motion may provide more details about the factual allegations in the complaint so long as those details are consistent with the complaint. A plaintiff also may submit additional materials to illustrate the facts he expects to be able to prove. Geinosky, 675 F.3d at 745 n.1. The court will accept as true factual assertions by the defendants contained within admissible materials unless a plaintiff submits an affidavit, declaration or other admissible documentary evidence contradicting those factual assertions.

The court advises the plaintiff that instead of responding to the motion, he may file an amended complaint that cures the deficiencies identified in the motion. See Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 522 (7th Cir. 2015) (explaining that a responsive amendment may avoid the need to decide the motion or reduce the number of issues decided). Federal Rule of Civil Procedure 15(a)(1) says that within twenty-one days after service of a motion to dismiss, a plaintiff may file one amended complaint without the court's permission.

Under Civil Local Rule 7(b) (E.D. Wis.), the plaintiff's brief in opposition (or his amended complaint) is due within twenty-one days of service of the motion, or by **October 5, 2026**. The defendants will have an opportunity to reply before the court decides the motion. If the plaintiff believes he needs more time to file his opposition brief, he must file a motion asking the court to extend the deadline *before the deadline passes*. If the plaintiff files such a motion, he must explain why he needs more time and how much time he needs. If, by the below deadline, the plaintiff does not either file an opposition brief or request more time to do so, the court may decide the motion without the plaintiff's input.

The court **ORDERS** that if by the end of the day on **October 5, 2026**, the plaintiff has not filed either and amended complaint or his response to defendants Thao, Miller, Tilley and Vongso's motion to dismiss, the court may decide the motion without considering a response from the plaintiff.

Dated in Milwaukee, Wisconsin this 15th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**